**In re the Petition for DISCIPLINARY ACTION AGAINST Michael A. RONCHETTI, an Attorney at Law of the State of Minnesota.**

No. C6–89–2122.

Supreme Court of Minnesota.

May 2, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed in this court a petition and, later, a supplementary petition, alleging that the respondent Michael A. Ronchetti has engaged in unprofessional misconduct warranting public discipline. The Director alleges seven separate counts. Although the alleged facts in each of the counts vary, allegations of misconduct for each of the counts are virtually identical.

The Director alleges that, in seven separate instances involving seven separate clients, respondent agreed to commence suit on behalf of a client; failed to commence the suit as promised or commenced the suit and thereafter took no substantive action on behalf of his client; made repeated misrepresentations about the status of the matters for which he had been retained to his client and/or the court; fabricated "court documents" on several occasions which he thereafter delivered to his clients and which he held out to be genuine; and failed to communicate with his clients about the matters for which he had been retained for extended periods of time. In a separate memorandum to this court, the Director identified the following mitigating factors: 1) respondent has no disciplinary record, 2) respondent voluntarily disclosed his misconduct in two of the above matters before the Director received any complaint, and 3) respondent genuinely appears to be affected by depression.

After the filing of the supplementary petition, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. He also withdrew his answer to the original petition which included his request for transfer to disability inactive status and the appointment of a trustee pursuant to Rules 27 and 28, Rules on Lawyers Professional Responsibility, and he unconditionally admitted all of the allegations of the petition and supplementary petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension, with no right to petition for reinstatement for at least one year. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition and supplementary petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Michael A. Ronchetti, is hereby indefinitely suspended from the practice of law with no right to reapply for reinstatement for a minimal

period of one year from the date of this order, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That any future reinstatement is conditioned upon:

a. Compliance with the requirements of Rule 18, Rules on Lawyers Professional Responsibility.

b. Successful completion of the professional responsibility examination pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

c. Satisfaction of the continuing legal education requirements pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

d. A demonstration by clear and convincing evidence of respondent's psychological fitness to practice law.

e. Compliance with Rules 24 and 26, Rules on Lawyers Professional Responsibility.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.